UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| RAUL PENA AND § | |
| SUZANNE PENA § | |
| Plaintiffs, § | |
| § | |
| vs. § | CIVIL ACTION NO. 7:13-CV-00115 |
| § | |
| ALLSTATE TEXAS LLOYDS, § | |
| Defendant, § | |

**OPINION AND ORDER**

Pending before the Court is Allstate Texas Lloyds's ("Defendant") motion to transfer venue from the McAllen Division of the Southern District of Texas to the Dallas Division of the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).[1] After considering the motion, response, reply, record, and controlling authorities, the Court **GRANTS** the motion.

**I.    Background**

This insurance dispute was removed from state court on March 12, 2013.[2] According to the petition, Raul Pena and Suzanne Pena ("Plaintiffs") are the owners of a Texas Homeowners' Insurance Policy, which was issued by Defendant.[3] The insurance policy was intended to provide insurance coverage for Plaintiffs' property located at 3451 Binkley, in Dallas, Texas.[4] Plaintiffs' response to the motion to transfer indicates that Plaintiffs purchased the Homeowners' Insurance Policy involved in this suit from "Ricardo Alvarado, agent for Defendant, in his office located in Alamo, Hidalgo County, Texas."[5] Plaintiffs allege that sometime before February 2011, water pipes in Plaintiffs' property burst flooding the entire first floor and a portion of the second floor

---

[1] Dkt. No. 12.
[2] Dkt. No. 1.
[3] Dkt. No. 1-2 at p. 6.
[4] *Id*.
[5] Dkt. No. 14 at p. 1.

and causing damage to the property.[6]  Plaintiffs assert that on February 3, 2011, they filed a claim with Defendant, their insurance company, for the damage to their home caused by the burst pipes.[7]  Apparently dissatisfied with the handling of their claim, Plaintiffs brought this suit for breach of contract; violations of the Texas Insurance Code; breach of the duty of good faith and fair dealing; and fraud.[8]

On May 9, 2013, Defendant filed a motion to transfer venue.[9] Plaintiffs responded[10] and Defendant replied.[11]

## II.     Analysis

Defendant's motion to transfer venue to the Dallas Division is based on 28 U.S.C. § 1404(a). The Fifth Circuit has instructed that the party seeking to transfer under § 1404(a) has the burden of demonstrating good cause for transferring the case.[12]  In determining whether there is good cause to transfer the case, the Court looks at two broad categories of factors: (1) the convenience of the parties and witnesses, and (2) the interest of justice.[13] The Fifth Circuit has adopted a set of private and public interest factors set forth by the Supreme Court in *Gulf Oil Corporation v. Gilbert*[14] "as appropriate for the determination of whether a § 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice."[15] The Court should consider and balance these factors when determining whether a § 1404(a) venue transfer is appropriate.

---

[6] Dkt. No. 1-2 at p. 7.
[7] *Id.*
[8] *Id.* at pp. 10-13.
[9] Dkt. No. 12.
[10] Dkt. No. 14.
[11] Dkt. No. 15.
[12] *In re* Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008)(en banc).
[13] *Id.* (citation omitted).
[14] 330 U.S. 501 (1947).
[15] *See* In re *Volkswagen of Am., Inc.*, 545 F.3d at 315(citing Humble Oil & Ref. Co. v. Bell Marine Serv., Inc., 321 F.2d 53, 56 (5th Cir. 1963)).

The private interest factors are as follows: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."[16] The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or] the application of foreign law."[17] The Court will now consider the public and private interest factors in this case.

A.   **The Private Interest Factors**

The Court begins by considering the private interest factors. The claims in this case will likely turn in large part on a determination of what damages to the property were covered by the insurance policy. In their response, Plaintiffs admit that "the physical evidence is located in Dallas County,"[18] but argue that it will not be difficult to transport the documentation of that physical evidence to Hidalgo County. Interestingly, Plaintiffs' state court petition suggests that due to the omissions of Defendant, the property has not been properly repaired and the property continues to deteriorate.[19] If that is the case, the parties will need to obtain additional evidence from Dallas County.

On the other hand, Plaintiffs assert that they filed their claim in Hidalgo County and that the claim was investigated in Hidalgo County. The Court notes that it is skeptical of Plaintiffs' conclusory assertion that the claim was investigated in Hidalgo County because the relevant evidence for an insurance claim investigation is typically the insured property.

---

[16] *In re* Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004)(citation omitted).
[17] *Id.*
[18] Dkt. No. 14 at p. 6.
[19] Dkt. No. 1-2 at p. 13.

After considering the various sources of proof that may be used by parties in this case, the Court finds that the most important source of proof will likely be the covered property which is located in Dallas County. Therefore, this factor favors a transfer to Dallas County.

The Court must also consider the convenience of the parties and witnesses. "Typically, the most important [factor] is whether substantial inconvenience will be visited upon key fact witnesses should the court deny transfer."[20] In making this determination, the primary factor is the availability and convenience of non-party fact witnesses.[21]

As stated above, a defendant seeking to transfer under § 1404(a) bears the burden of proving that the interests of convenience and justice will best be served by the transfer. A party seeking transfer "must make more than a general allegation that the key witnesses are inconveniently located."[22] "The moving party must specifically identify key witnesses and outline the substance of their testimony."[23] Furthermore, "[i]n considering this factor, district courts must ensure that a motion for transfer does not become a battle of numbers."[24] However, "[w]hen nearly all of the nonparty witnesses that will testify concerning disputed issues reside elsewhere, this factor weighs in favor of transferring the case."[25] "District courts should not transfer a case merely because a few witnesses would otherwise be inconvenienced."[26]

Defendant asserts that it would be highly prejudicial to the defendant to have to litigate this issue in McAllen, as all of the relevant non-party fact witnesses will be outside subpoena range.[27] Defendant asserts that it would be burdensome to require any witness who agrees to

---

[20] Mohamed v. Mazda Motor Corp., 90 F. Supp. 2d 757, 774 (E.D. Tex. 2000) (citations omitted).
[21] Hous. Trial Reports, Inc. v. LRP Publ'ns, Inc., 85 F. Supp. 2d 663, 669 (S.D. Tex. 1999).
[22] See Mohamed, 90 F. Supp. 2d at 775.
[23] Id. at 775 (internal quotation marks and citations omitted).
[24] Frederick v. Advanced Fin. Solutions, Inc., 558 F. Supp. 2d 699, 704 (E.D. Tex. 2007) (internal quotation marks and citations omitted).
[25] Id. (citation omitted).
[26] Id. at 704 (citation omitted).
[27] Dkt. No. 12 at p. 5.

testify to travel almost 600 miles to do so.[28] Defendant maintains that key "witnesses as to the condition of the property, whether it was occupied, and whether the property was maintained, including whether the heat was maintained to prevent the pipes from freezing are all located in and around Dallas."[29]

Defendant identifies Peggy and Brian O'Boyle, who were the owners of the adjoining duplex unit at the time of the loss, as "witnesses to whether the property was vacant at the time of the alleged loss, to the condition of the property immediately before the alleged loss, and to the weather event that Plaintiffs assert caused their loss."[30] Additionally, Defendant names as a witness Patricia MacGregor Holland of Guardian Environmental Consulting who performed an assessment of the insured property on May 25, 2011.[31] Defendant notes that both MacGregor and Guardian are outside the subpoena range of the McAllen Division.[32] Similarly, Defendant points out that the company that performed the mold remediation assessment that Plaintiffs forwarded to Defendant is located in Euless, Texas, which is within the subpoena range of the Dallas Division but outside that of the McAllen Division.[33]

Conversely, Plaintiffs assert that the convenience of the parties and witnesses factor weighs against transferring the case to the Dallas Division. Plaintiffs focus on themselves and Allstate agent, Ricardo Alvarado, all residents of Hidalgo County, as witnesses.[34] Plaintiffs point out that Raul Pena, M.D., is a doctor who has a "very active practice in Hidalgo and surrounding counties."[35] Dr. Pena asserts that the medical services to his patients would be affected should the Court transfer this case to Dallas. In support of this claim, Plaintiffs provide an affidavit in

---

[28] Dkt. No. 12 at p. 5.
[29] Dkt. No. 12 at p. 4.
[30] Dkt. No. 15 at p. 3.
[31] Dkt. No. 15 at p.3.
[32] *See* FED. R. CIV. P. 45.
[33] Dkt. No. 15 at p. 4.
[34] Dkt. No. 14 at p. 5.
[35] Dkt. No. 14 at p. 5.

which Dr. Pena affirms that it would be "extremely difficult" and "very inconvenient" for him, his practice, and his family, if this case were transferred to Dallas County.[36]

After considering the arguments of the parties, the Court notes it shares Defendant's concern that there are several witnesses who appear to be outside the subpoena range of the Court, but are within the range of the Dallas Division. Furthermore, Plaintiffs' argument focuses primarily on the inconvenience to Dr. Pena, a party. But the private interest factors to be considered by the Court place less weight on inconvenience to a party. Also, such inconvenience to Dr. Pena's medical practice and his patients will primarily be that resulting from attending, at some point, the trial of the lawsuit he filed. Some inconvenience will occur even if this case is tried in McAllen. Also, Defendant states that it will depose Plaintiffs in McAllen. This should minimize Plaintiffs' inconvenience regardless of where the trial takes place.

Ultimately, it appears that the overwhelming majority of the non-party witnesses which were identified by the parties are located in the Dallas Division and that at least some of those witnesses are beyond the subpoena range of this Court. Therefore, the Court finds that the convenience of the witnesses factor weighs heavily in favor of transferring this case to the Dallas Division.

Next, the Court considers the place of the alleged wrong. Determining the place of the alleged wrong is difficult in this case. The storm/cold weather which apparently caused the pipes to freeze and break occurred in Dallas County, where the property is located. But this case is based on the alleged mishandling of an insurance claim in the wake of the storm, not on the storm itself.

---

[36] Dkt. No. 14-1 at p. 2.

The insurance policy at the center of this case provided coverage for real estate located in Dallas County.[37] Plaintiffs' petition indicates that the insurance policy was executed in Hidalgo County and the payments were made in Hidalgo County.[38] Furthermore, Plaintiffs allege that Hidalgo County is where the claim was investigated.[39] Thus, Plaintiffs assert that "not all nor a substantial part of the events occurred in Dallas County only, but in Hidalgo County, as well."[40]

Although Plaintiffs emphasize that the policy was executed and the payments were made in Hidalgo County, Plaintiffs' claims are not closely related to the execution of the insurance policy or to the payments for said policy. Instead, Plaintiffs brought this suit for breach of contract; violations of the Texas Insurance Code; breach of the duty of good faith and fair dealing; and fraud which allegedly result from Defendant's handling of Plaintiffs' insurance claim *after the property sustained damage*.[41] In short, the concerns regarding the location of the formation of the contract are not particularly relevant to the claims asserted in Plaintiffs' petition. Once again, the Court notes its doubts regarding Plaintiffs' conclusory assertion that the claim was investigated in Hidalgo County. Because the insurance policy at the center of this case covered real property located in Dallas County, the primary investigation regarding Plaintiffs' insurance claim occurred (or should have occurred) in Dallas County. Furthermore, any decision by Defendant to deny Plaintiffs' insurance claim should have flowed directly from an evaluation of the damage to the property in Dallas County.

After considering the arguments of the parties and the nature of the claims in this case, it appears that the alleged wrongs in this case primarily occurred in Dallas County. Therefore, the Court finds that this factor weighs in favor of transfer.

---

[37] Dkt. No. 1-2 at p. 6.
[38] Dkt. No. 14 at p. 3.
[39] Dkt. No. 14 at p. 3.
[40] Dkt. No. 14 at p. 3.
[41] *See* Dkt. No. 1-2 at pp. 5-16.

Now the Court considers Plaintiffs' choice of forum. "Courts in this circuit have traditionally considered the plaintiff's choice of forum a strong factor that weighs against transfer. Recently, however, the Fifth Circuit concluded that district courts should deem the plaintiff's choice of forum less important."[42] "[T]he plaintiff's choice of forum is clearly a factor to be considered but in and of itself it is neither conclusive nor determinative."[43] "Because this factor is not controlling, however, the court must weigh this factor against the other factors in deciding whether to transfer this case."[44] Here, Plaintiffs chose to bring their suit in Hidalgo County and this factor weighs against transfer.

After considering the private interest factors, the Court notes that the only factor that weighs against transfer is Plaintiffs' choice of forum. On the whole, the private interest factors strongly favor transfer.

**B. The Public Interest Factors**

The Court now turns to the public interest factors. The Court first considers the administrative difficulties caused by court congestion. "The efficient administration of the court system is vital to all litigants, as well as the public at large."[45] Statistics maintained by the Administrative Office of the United States Courts indicate that in the 12-month period ending September 30, 2012, the Northern District had a lower overall caseload than the Southern District.[46] The same statistics show that nearly twice as many cases were filed in the Southern District as there were in the Northern District during that period.[47] Additionally, the same

---

[42] Frederick v. Advanced Fin. Solutions, Inc., 558 F. Supp. 2d 699, 703(5th Cir. 2003) (internal quotation marks citations omitted).
[43] *Id*. (citation omitted).
[44] *Id*. at 704.
[45] Ray Mart, Inc. v. Stock Bldg. Supply of Texas, LP, 435 F. Supp. 2d 578, 595 (E.D. Tex. 2006).
[46] Federal Court Management Statistics September 2012, Administrative Office of the U.S. Courts (September, 2012), available at http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/district-courts-september-2012.aspx.
[47] *Id.*

statistics show that the civil cases filed in the Northern District were being handled at a faster pace than those in the Southern District.[48] Therefore, this factor weighs in favor of transferring the case to the Dallas Division.

Another factor the Court should consider is "the local interest in having localized controversies decided at home[.]"[49] While Hidalgo County has an interest in adjudicating claims involving an insurance policy that was sold in Hidalgo County, its interest is a general interest in having insurers act properly. For its part, Dallas County has an interest in adjudicating claims involving an insurance policy covering a property in Dallas County, but its interest is more specific because it relates to the repair of a property located in Dallas. Therefore, this factor favors transfer.

On a related note, based on the specific facts of this case, the Court finds that a Dallas County jury is better equipped to evaluate the underlying damage to the property which forms the basis of Plaintiffs' claims. Specifically, Plaintiffs' property damage allegedly resulted from pipes bursting due to freezing weather which struck the Dallas area. Snowstorms and freezing weather are much more common occurrences in Dallas County than they are in Hidalgo County. A Dallas County jury is better suited to evaluate evidence related to snowstorms and freezing weather, than a McAllen jury would be. Furthermore, in a case like this where damages are an issue, the proper measure for these damages will be tied to the reasonable costs of materials and repairs in the area where the damaged property is located. It is reasonable to believe that the claim will require the evaluation of damages by Dallas contractors that will be valued at Dallas prices. A Dallas jury will be better suited to evaluate evidence regarding the costs of repairs and materials for property damage within their community.

---

[48] *Id.*
[49] *See In re* Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) (citations omitted).

After considering the public interest factors, the Court finds that they too weigh in favor of transferring this case to the Dallas Division.

### III. Conclusion

After considering the motion, response, reply, record, and controlling authorities, the Court finds that Defendant has met its burden of demonstrating good cause for transferring this case to the Northern District of Texas. Specifically, after balancing the private and public interest factors, the Court finds that on the whole, the convenience of the parties and witnesses and the interests of justice will be furthered by a transfer. Therefore, the Court **GRANTS** Defendant's motion to transfer. This case is hereby transferred to the Dallas Division of the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).

IT IS SO ORDERED.

DONE this 16th day of July, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE